UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK AROME OKUO, a/k/a "Anthony Terry," a/k/a "Mark Robert," a/k/a "Frank Michael," a/k/a "Romeih Johnson,"<br><br>    Defendant. | Case No. 21-cr-10309-LTS-MPK |

## ASSENTED-TO MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The government, with the assent of the defendant, respectfully moves to exclude the time under the Speedy Trial Act from March 31, 2022, through today's date, April 21, 2022. In support of this motion, the government states as follows:

1. The Court previously excluded the time from January 31, 2022 through March 31, 2022, the date that the Court scheduled an interim status conference. Dkt. 63.

2. On March 24, 2022, the parties filed a joint status report in advance of the status conference scheduled for March 31, 2022. Dkt. 69. The parties jointly requested that the Court exclude the time from March 31, 2022 through the date of the next scheduled status conference. *Id.* at 2.

3. Due to the parties' schedules and availability of video conferencing at Wyatt, the status conference was rescheduled from March 31, 2022 to April 21, 2022. *See* Dkts. 68, 70.

4. Following the April 21, 2022 status conference, the Court entered an order excluding the time from April 21, 2022 through the date of the next status conference, June 7, 2022. Dkts. 74, 75.

5. The government respectfully moves, with the assent of the defendant, to exclude the time, *nunc pro tunc*, from March 31, 2022 through today's date, April 21, 2022. The parties

previously requested that the Court exclude the time from March 31, 2022 through the date of the next scheduled status conference.  Dkt. 69 at 2; *see United States v. Gottesfeld*, 319 F. Supp. 3d 548, 559 (D. Mass. 2018) (explaining that it is not improper for a court to exclude periods of time under the Speedy Trial Act in orders retroactively where the parties previously requested that such periods be excluded); *see also United States v. Richardson*, 421 F.3d 17, 29 (1st Cir. 2005) (explaining that a request to exclude time under the Speedy Trial Act is credited as a "motion" stopping the clock under § 3161(h)(1)(D) [then (h)(1)(F)]).  The exclusion of such time was necessary to allow defense counsel sufficient time to review the discovery provided and to confer with the defendant.  The parties further agree that the ends of justice served by the granting of the continuance during that period outweighed the best interests of the public and the defendant in a speedy trial, and the parties' joint request in the status report tolled the clock under § 3161(h)(1)(D).  *See* 18 U.S.C. § 3161(h)(1)(D); 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv); 3161(h)(1)(G).

6. Following the April 21, 2022 status conference, counsel for the government conferred with counsel for the defendant.  The defendant assents to the relief requested in this motion.

Accordingly, the government respectfully requests that the Court grant this assented-to motion and enter an order excluding the time under the Speedy Trial Act from March 31, 2022, through today's date, April 21, 2022.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Ian Stearns*
Ian Stearns
Assistant United States Attorney

## RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with counsel for the defendant, and that the parties agree to the relief requested in this motion.

*/s/ Ian Stearns*
Ian Stearns
Assistant United States Attorney

Date: April 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Ian Stearns*
Ian Stearns
Assistant United States Attorney

Date: April 21, 2022