UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>MARK AROME OKUO, a/k/a "Anthony Terry," a/k/a "Mark Robert," a/k/a "Frank Michael," a/k/a "Romeih Johnson,"<br><br>    Defendant. | Case No. 21-cr-10309-LTS-MPK |

## JOINT STATUS REPORT

The United States of America and the defendant, through undersigned counsel, respectfully submit this joint status report pursuant to Local Rule 116.5(b) in advance of the interim status conference scheduled for June 8, 2022.

1. Discovery Status: The government completed its production of automatic discovery on December 21, 2021. At approximately 17GB, automatic discovery is voluminous. The government made a voluminous supplemental production of discovery on January 19, 2022. The government has produced extensive early Jencks and Giglio materials. The defendant has not yet issued discovery requests or produced reciprocal discovery. The Court entered a protective order (Dkt. 61) governing discovery materials on November 24, 2021. At this time, the government does not anticipate additional discovery productions aside from pre-trial disclosures and other 21-day materials. *See* L.R. 116.5(b)(1)–(4). At the request of the defense, the government re-loaded all discovery, with the exception of certain sensitive materials, on to a CJA-funded laptop in April 2022, for the purposes of allowing the defendant to be able to review the discovery at Wyatt at his convenience. The government understands that the laptop was delivered to the defendant in May 2022.

2.      Pre-trial Motions:  The parties believe that it is too early to establish a deadline for potential motions pursuant to Fed. R. Crim. P. 12(b), and request that the Court consider the issue at a further interim status conference.  See L.R. 116.5(b)(5).

3.      Expert Disclosures and L.R. 116.5(b)(7) Defenses:  The Court has ordered that the government provide expert disclosures 60 days before trial, and that the defendant provide expert disclosures 15 days later.  Dkt. 63.  See L.R. 116.5(b)(6).  The defendant does not intend to present a defense of insanity, public authority, or alibi.  See L.R. 116.5(b)(7).

4.      Speedy Trial Act:  The Court has excluded the time from the date of arraignment through June 7, 2022 (the interim status conference was rescheduled from June 7 to June 8), and zero days have elapsed under the Speedy Trial Act.  See Dkt. 63.  The defendant is detained, pursuant to a voluntary order of detention, following an evidentiary detention hearing.  See Dkts. 17, 18, 30, 33.  The parties jointly request that the Court enter an order on excludable delay pursuant to the Speedy Trial Act, and agree that the time from June 7, 2022 until the next status conference should be excluded.  See L.R. 116.5(b)(8).  The exclusion of such time is necessary to allow the defendant and defense counsel sufficient time to review the discovery provided, to confer, to prepare pre-trial motions, and/or to discuss a potential resolution of this matter.  The parties further agree that the ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv); § 3161(h)(1)(G).

5.      Plea Discussions and Trial Length:  The parties have had plea discussions.  Due to delays arising from the ongoing Covid-19 pandemic and the pandemic's impact on the defendant, Wyatt, and his counsel, the parties are jointly requesting the below continuance, in part, to continue those discussions.  See infra ¶ 6.  At this time, the government expects that a

trial would last two weeks, and the government would expect to seek a superseding indictment in advance of trial.  *See* L.R. 116.5(b)(9).

6.  Further Interim Status Conference:  To facilitate the defendant's continued review of voluminous discovery, ongoing plea discussions, and potential preparation of pre-trial motions, the parties jointly a further interim status conference in approximately 60 days.  Subject to the Court's availability, the parties jointly request an interim status conference the week of August 1, 2022.

Respectfully submitted,

| | |
|---|---|
| MARK AROME OKUO | RACHAEL S. ROLLINS |
| By his attorney, | United States Attorney |
| | |
| By: */s/ Aviva E. Jeruchim* | By: */s/ Ian Stearns* |
| Aviva E. Jeruchim | Ian Stearns |
| Jeruchim & Davenport, LLP | Assistant United States Attorney |
| 50 Congress Street, Suite 615 | One Courthouse Way, Suite 9200 |
| Boston, MA 02109 | Boston, MA 02110 |
| 617-720-6047 | 617-748-3208 |
| jeruchim@jdlawyers.com | Ian.Stearns@usdoj.gov |

Date: June 5, 2022

## RULE 7.1 CERTIFICATION

I hereby certify that I have conferred with counsel for the defendant, and that the parties agree to the relief requested in this joint status report.

>*/s/ Ian Stearns*
>Ian Stearns
>Assistant United States Attorney

Date: June 5, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>*/s/ Ian Stearns*
>Ian Stearns
>Assistant United States Attorney

Date: June 5, 2022