UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,

                                                    NO. 21-CR-10309-LTS

        v.

MARK AROME OKUO,
        Defendant.

ORDER ON EXCLUDABLE DELAY


KELLEY, U.S.M.J.


        Defendant had an interim status conference scheduled for September 29, 2022. The parties

filed a joint status report asking that the final status conference be scheduled in approximately 60

days. (#92.) New defense counsel has recently been appointed to the case and discovery is

voluminous. The case is continued to December 9, 2022, at 10:00 a.m., for a final status conference.

        With the assent of the parties, the Court finds that the interests of justice in this case, *i.e.*, to

allow defendant time to prepare the case for trial or other disposition, outweigh the best interests of

the public and defendant for a trial within seventy days of the date of indictment. Accordingly, it is

hereby ORDERED that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A), the Clerk of this

Court enter excludable time for the period from September 29, 2022, up to and including December

9, 2022.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States
Magistrates in the United States District Court for the District of Massachusetts, any party may move for
reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14)
days after receipt of a copy of this order, unless a different time is prescribed by this court or the district
judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a

 /s/ M. Page Kelley
M. PAGE KELLEY
United States Magistrate Judge

---

written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).